Case 4:13-cv-00544-A Document 6 Filed 07/09/13 Page 1 of 6 PageID 15

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 9 2013
CLERK, U.S. DISTRICT COURT
By_____
     Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MICHAEL A. SMITH, §
 §
      Petitioner, §
 §
v. § No. 4:13-CV-544-A
 §
WILLIAM STEPHENS, Director,[1] §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
      Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a purported petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Michael A. Smith, a state prisoner currently incarcerated in Cuero, Texas, against William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. No service has issued upon respondent. After having considered the pleadings and relief sought by petitioner, the court has concluded that the petition should be construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and summarily

---

[1] Effective June 1, 2013, William Stephens succeeded Rick Thaler as the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Director Stephens "is automatically substituted as a party." FED. R. CIV. P. 25(d).

dismissed as successive.

## I. Factual and Procedural History

The history relevant to this case is set forth in the magistrate judge's findings and conclusions in *Smith v. Thaler*, Civil Action No. 4:12-CV-730-Y, 2013 WL 264444 (N.D.Tex. Jan. 22, 2013). Petitioner is serving a 40-year sentence on his 2001 conviction for burglary of a habitation in the 371st District Court of Tarrant County, Texas. (Pet., Ex. A) Petitioner filed a prior federal petition pursuant to § 2254 in this court challenging the same state conviction, which was dismissed as untimely on January 22, 2013. *See id*. The court takes judicial notice of the pleadings and state court records filed in petitioner's prior federal habeas action. Petitioner brings one ground for relief in this petition in which he claims he is "legally innocent."[2]

---

[2] As supporting facts, petitioner asserts that–

> he was originally indicted on a second degree felony non-aggravated, after the prosecutor was denied a plea deal of 20 years by petitioner, the prosecutor then enhanced the charge to a first degree felony in a vindictive manner, no motion or properly [sic] request to change or enhance was made by prosecution. 6th and 14th Amendment rights violated.

(Pet. at 5)

2

## II. Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and 28 U.S.C. § 2243 both authorize a habeas corpus petition to be summarily dismissed.[3] The Court of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

---

[3]Section 2243, governing applications for writ of habeas corpus, provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

Petitioner does not seek relief under § 2254. Thus, the first issue which must be resolved is whether he is entitled to have his claim reviewed under § 2241. He is not. Regardless of how it is phrased, petitioner's claim is premised on purported errors which allegedly occurred in his underlying state criminal proceedings. Therefore, the claim implicitly challenges the validity of his state criminal judgment, and he must seek relief under § 2254, not § 2241. *Propes v. District Attorney Office*, 445 Fed. App'x 766, 767, 2011 WL 4931371, at *1 (5th Cir. Oct. 18, 2011), *cert. denied*, 132 S. Ct. 2103 (2012). As has been explained:

> A petitioner may not utilize § 2241 . . . merely to avoid various statutory provisions specifically applicable to § 2254 actions. . . . Section 2254 specifically governs any challenge to petitioner's state conviction. Section 2241 exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.

*Williams v. O'Brien*, Civ. Action No. 4:06-CV-834, 2007 WL 60487, at * 1 (N.D.Tex. Jan. 5, 2007) (footnotes and quotation marks omitted). Accordingly, this petition is recharacterized as one seeking relief under 28 U.S.C. § 2254. *Propes*, 445 Fed. App'x at 767.

The second issue that must be resolved is whether § 2244(b)

4

requires dismissal of the petition. The statutory provision provides that a second or successive petition filed by a state prisoner under § 2254 should be dismissed unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Further, before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A).

Petitioner raised a similar claim in his prior petition and clearly could have brought the specific claim in the earlier petition. Thus, the instant petition is successive for purposes of § 2244(b).

A district court has no jurisdiction to decide a second or successive claim on the merits without authority from the appropriate Court of Appeals. 28 U.S.C. § 2244(b)(3). Petitioner has not demonstrated that he has obtained leave to file this petition from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the

petition.[4] *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

The court ORDERS that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as successive.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that the Fifth Circuit has authorized him to file a successive petition nor has he made a substantial showing of the denial of a constitutional right.

SIGNED July  9 , 2013.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court lacks jurisdiction to consider the petition, the Court makes no ruling on petitioner's application to proceed in forma pauperis. (doc. no. 2)